# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# LEXINGTON

**CIVIL ACTION NO. 10-120-JBC**

**IN RE: CLASSICSTAR, LLC**

**JAMES D. LYON, Chapter 7 Trustee**
**of ClassicStar, LLC,**   **APPELLANT,**

**V.**   **MEMORANDUM OPINION AND ORDER**

**BAKER & HOSTETLER LLP,**   **APPELLEE.**

\* \* \* \* \* \* \* \* \* \*

James D. Lyon, the Chapter 7 trustee of the debtor, ClassicStar, LLC, appeals from the Bankruptcy Court's grant of summary judgment in favor of the appellee, Baker & Hostetler LLP. The Bankruptcy Court concluded that the trustee could not prove that ClassicStar received less than a reasonably equivalent value when it paid Baker & Hostetler's fees.

The Bankruptcy Court failed to determine whether genuine issues of material fact exist and also erroneously conflated the issues of whether ClassicStar received value from Baker & Hostetler and whether that value was a reasonably equivalent exchange for Baker & Hostetler's fees. This court, therefore, will reverse the Bankruptcy Court's judgment and remand this action for further proceedings.

## I. BACKGROUND

ClassicStar operated a mare lease program, in which investors paid ClassicStar for breeding rights in thoroughbred mares for one breeding season.

Investors purchased mare leases to take advantage of tax benefits that were purportedly available as a result of their investments.

ClassicStar's original owner was S. David Plummer. GeoStar Corporation acquired ClassicStar around 2000. After the acquisition, S. David Plummer became a shareholder of GeoStar and served as GeoStar's director of marketing. S. David Plummer's son, Spencer Plummer, served as vice president and, later, president of GeoStar. S. David Plummer's brother-in-law, Gary Thomson, owned National Equine Lending Company, which loaned money to investors to allow them to purchase ClassicStar mare leases. Terry Green and his firm, Karren Hendrix Stagg Allen & Co., P.C., served as ClassicStar's auditor and provided accounting services to National Equine Lending Company.

On November 10, 2004, the Internal Revenue Service sent a letter to S. David Plummer and informed him that the agency was considering an action against him for promoting abusive tax shelters. On or about January 25, 2005, Baker & Hostetler filed with the IRS a power of attorney indicating that the firm was representing S. David Plummer in the investigation. In subsequent correspondence between Baker & Hostetler and the IRS, the firm stated that it represented S. David Plummer. There is no evidence, however, that Baker & Hostetler executed an engagement letter with S. David Plummer. An engagement letter dated January 27, 2005, identified ClassicStar, not S. David Plummer, as the firm's client.

The IRS expanded its investigation in November 2005. The agency sent additional promoter investigation letters, this time to Spencer Plummer, Terry Green, and Gary Thomson. Baker & Hostetler drafted a second engagement letter dated February 9, 2006. The second engagement letter identified ClassicStar, S. David Plummer, Spencer Plummer, Green, and Thomson as the firm's clients. ClassicStar paid Baker & Hostetler $847,889.92 in fees from October 2005 through December 2006.

ClassicStar filed for bankruptcy on or about September 17, 2007. The trustee filed an adversarial proceeding on September 9, 2009, seeking to recover the fees from Baker & Hostetler under the bankruptcy code's "fraudulent transfer" provision. The trustee essentially claimed that the Plummers, Green, and Thomson ran their personal legal expenses through ClassicStar.

Baker & Hostetler moved for summary judgment, arguing that the trustee could not prove that ClassicStar received less than a reasonably equivalent value in exchange for the firm's fees. Baker & Hostetler acknowledged that it represented the Plummers, Green, and Thomson. But the firm argued that it also represented ClassicStar and that it prevented the IRS investigation from ruining ClassicStar's business.

The Bankruptcy Court granted the motion. The trustee appealed.

## II. DISCUSSION

A trustee may avoid a transfer or obligation in certain situations, including when (1) a debtor received less than a reasonably equivalent value in exchange for the transfer or obligation; and (2) the debtor was insolvent on the date the transfer was made or the obligation was incurred, or the debtor became insolvent as a result of such transfer or obligation. 11 U.S.C. § 548(a). The parties do not dispute that ClassicStar was insolvent at the time it incurred Baker & Hostetler's fees. The parties do dispute whether ClassicStar received less than a reasonably equivalent value in exchange for those fees.

In granting summary judgment, the Bankruptcy Court agreed with Baker & Hostetler that the trustee could not prove that ClassicStar received less than a reasonably equivalent value in exchange for the payments it made to the firm. The Bankruptcy Court came to that conclusion because ClassicStar received a dollar-for-dollar reduction of debt that it owed Baker & Hostetler in exchange for the payments. R. 3 Ex. 2 at 2.

The Bankruptcy Court erred because it misapplied the concept of reasonably equivalent value. The term has two parts: the noun "value" and the modifier "reasonably equivalent." Each part requires a separate analysis.

The Bankruptcy Court should have started by determining whether ClassicStar received any value. *Wilkinson v. John Wiley & Sons, Inc. (In re Wilkinson)*, 196 F. App'x 337, 341 (6th Cir. 2006). Value means "satisfaction . . .

4

of a present or antecedent debt of the debtor." 11 U.S.C. § 548(d)(2)(A). Value is a question of fact. *Wilkinson*, 196 F. App'x at 341. The Bankruptcy Court should have addressed whether genuine issues of material fact existed as to whether the debt was present or antecedent. The Bankruptcy Court failed to answer that question, stating only that ClassicStar received a dollar-for-dollar reduction in debt.

If the Bankruptcy Court found that ClassicStar received value, the court then should have addressed whether the value was reasonably equivalent to Baker & Hostetler's fees. Reasonable equivalence is also a question of fact. *Wilkinson*, 196 F. App'x at 341. The Bankruptcy Court did not analyze whether genuine issues of material fact exist as to whether the value that ClassicStar received was reasonably equivalent.

The Bankruptcy Court relied on *Wilkinson* in coming to its conclusion, but the *Wilkinson* court made clear that the analysis is a two-step, factual inquiry. *Id.* at 341 (citing *In re Fruehauf Trailer Corp.*, 444 F.3d 203, 212 (3d Cir. 2006)). The *Wilkinson* court did not hold that a benefit automatically qualifies as reasonably equivalent in value when there is a dollar-for-dollar reduction of debt, as the Bankruptcy Court believed. The Bankruptcy Court conflated the value and reasonable-equivalence issues, assuming that the dollar-for-dollar reduction of debt constituted both value and reasonable equivalence.

The parties have made extensive arguments on appeal about whether genuine issues of material fact exist. This court cannot address those arguments

because the Bankruptcy Court failed to address them below. If the Bankruptcy Court had concluded that genuine issues of material fact existed, this court, sitting as an appellate court, would have lacked jurisdiction to review that conclusion. *Johnson v. Jones*, 515 U.S. 304, 313 (1995). If the Bankruptcy Court had concluded that no genuine issues of material fact existed, this court would have reviewed that conclusion as a matter of law. *Stevenson v. J.C. Bradford Futures, Inc. (In re Cannon)*, 277 F.3d 838, 849 (6th Cir. 2002).

To that end, this court will remand this action and afford the Bankruptcy Court an opportunity to determine whether genuine issues of material fact exist.

## III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the judgment of the Bankruptcy Court is **REVERSED** and that this action be **REMANDED** to the Bankruptcy Court for further proceedings consistent with this opinion.

A separate judgment will issue.

Signed on February 22, 2011

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY